In re BRYANT TOOL & MANUFAC-
TURING INC., Debtor.

ASSOCIATES COMMERCIAL
CORPORATION, Plaintiff,

v.

BRYANT TOOL & MANUFACTURING
INC., Defendant.

Bankruptcy No. 81–00187–BKC–TCB.
Adv. No. 81–0083–BKC–TCB–A.

United States Bankruptcy Court,
S. D. Florida.

April 13, 1981.

Jerry Linscott, Orlando, Fla., for plaintiff.

Angus J. Campbell, West Palm Beach, Fla., for defendant.

Daniel Bakst, West Palm Beach, Trustee.

MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The plaintiff creditor seeks modification of the automatic stay under 11 U.S.C. § 362(d). (C.P. No. 1). The debtor in this chapter 11 case has answered and has counterclaimed for compensatory and punitive damages of $500,000 on grounds which remain unclear. (C.P. No. 7). The matter was tried on April 3. This order incorporates findings and conclusions as authorized by B.R. 752(a).

In December, 1978, the debtor received a Cadillac lathe and a Rusch band saw under

a lease from a third party, Florida Pacific S.P.A., a partnership. Florida Pacific has previously purchased the equipment from a fourth party, Mercury Manufacturing Inc. In that transaction, Mercury received a security agreement from Florida Pacific. Mercury's lien was duly perfected during December, 1978. Mercury's lien was assigned to the plaintiff who provided the financing for the purchase of the equipment. The defendant-debtor remains in possession of the two items.

The security agreement held by the plaintiff has been in default since January 15, 1980 and the account presently owing to plaintiff is $192,698. It is undisputed that the debtor is unable to cure the default or otherwise provide adequate protection to the plaintiff.

The defense centers around the fact that the same individual, John Williamson, was the president of Mercury and a partner of Florida Pacific at all times material to these transactions and the security agreement which plaintiff relies upon was executed by Williamson on behalf of both parties. Williamson also obtained a one-third interest in the debtor corporation in exchange for his providing the two items in question, together with a third machine tool no longer in the debtor's possession. All payments made during the two years before default were made by Florida Pacific and the debtor made no payments and had no dealings directly with the plaintiff. The debtor complains that it has been defrauded by Williamson. Although the debtor concedes that its lease of the equipment from Florida Pacific, which gives full notice of the lien, was signed by its president, who knew that he was signing a lease with Williamson for the equipment, the paper he signed was then blank and he did not see the entire lease agreement nor even the signature of Florida Pacific at the time he executed the agreement on behalf of the debtor. It is undisputed that plaintiff is a holder in due course of its assignments to all the benefits of the lease. It is elementary that the alteration of an instrument, even though both fraudulent and material, affords no defense as to a holder in due course. U.C.C. § 3–407; § 673.3–407, Florida Statutes.

It is equally elementary that a party who by his negligence contributes to the alteration or forgery of an instrument in commerce is estopped from denying liability as against a holder in due course. U.C.C. § 3–406; § 673.3–406, Florida Statutes, provides:

"Any person who by his negligence substantially contributes to a material alteration of the instrument or to the making of an unauthorized signature is precluded from asserting the alteration or lack of authority against a holder in due course or against a drawee or other payor who pays the instrument in good faith and in accordance with the reasonable commercial standards of the drawee's or payor's business."

The debtor's asserted defense is simply unavailable against the plaintiff.

The debtor also seeks comfort from the fact that the serial numbers on the two machines have been removed. I find from the evidence before me that the two machines admittedly in the debtor's possession are in fact the two machines under lien to the plaintiff and it becomes irrelevant who removed the serial numbers.

The debtor sought and obtained a continuance of this trial once on account of its inability to obtain Williamson's presence at this trial originally scheduled. At the second setting of this trial, I believe that the debtor abandoned its motion for continuance even though Williamson was again absent. If I am mistaken, the motion for continuance is denied. It has not been suggested to me how Williamson's further testimony would materially affect this case. His testimony in deposition form is a part of this record.

The complaint prays, in the alternative, that the debtor be ordered to deliver possession of the two machines to the plaintiff. The evidence clearly entitles plaintiff to a judgment for that relief. As is required by B.R. 921(a), a separate judgment will be entered to that effect. Costs will be taxed on motion.